UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BARBARA K. CARVER                                                                    PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 3:07CV111

JOHN E. POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE                                         DEFENDANT

ORDER

This cause comes before the court on the motion of John E. Potter, Postmaster General of the U.S. Postal Service ("USPS"), to dismiss this action for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff Barbara K. Carter has responded in opposition to the motion, and the court is now prepared to rule.

This action involves a Title VII sexual harassment claim asserted by plaintiff, who began working with the USPS at its Holcomb, Mississippi office in 1995. Plaintiff alleges that, for much of that time, she was subjected to sexually harassing comments and offensive touching at the hands of Phillip Flemmons, the postmaster at the Holcomb post office. In 2006, Flemmons was placed on extended sick leave, and plaintiff alleges that the prospect of his returning to work caused her to leave her position in late September 2006. Plaintiff made her first contact with an EEO counselor on February 5, 2007, and she filed a formal EEO complaint on May 5, 2007. On September 5, 2007, plaintiff filed the instant lawsuit in this court, and defendant has presently moved to dismiss for failure to timely exhaust administrative remedies.

1

In the court's view, this case presents a rather clear-cut instance of a failure to timely exhaust administrative remedies. Prior to seeking judicial relief under Title VII, a federal employee must exhaust her administrative remedies by filing a charge of discrimination with the EEO division of her agency. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). Federal regulations require an employee who believes that she has been discriminated against to consult an EEO counselor within forty-five days of the date of the alleged discriminatory personnel action. 29 C.F.R. § 1614.105(a)(1); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002). Plaintiff does not dispute that she failed to consult an EEO counselor within forty-five days of the last alleged act of harassment in this case. Plaintiff alleges, however, that she lacked actual or constructive knowledge of the forty-five day time limit, or alternatively, that the doctrine of equitable tolling should apply. The Fifth Circuit has recognized three grounds for equitable tolling of the forty-five day time limitation: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Patton v. Gonzales*, 197 Fed. Appx. 309, 312 (5th Cir. 2006)(*citing Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003)).

In the court's view, plaintiff's "lack of knowledge" and equitable tolling arguments are called into serious question by defendant's proof that she attended employer-sponsored training sessions related to Title VII and other federal employment statutes in June 2005 and September 2006. Indeed, defendant has submitted a roster for the 2006 training session which includes plaintiff's name and actually lists her as the <u>instructor</u> of the course. Defendant has also submitted, and the court has reviewed, the actual training DVD which was shown at the September 2006 course, and this video

2

clearly discusses Title VII sexual harassment law and specifically mentions the forty-five day time limitation for consulting with an EEO counselor. Plaintiff denies that she attended the training courses at issue, and she maintains in her affidavit that her signature was forged on the sign-in sheets for the courses. Even if this court were to accept this assertion as true, plaintiff still admits in her affidavit that she herself put up an EEO poster in her office which set forth her rights under Title VII. Plaintiff maintains in her affidavit that she does not recall the contents of the poster and did not "feel that the poster had anything to do with [her] situation." In the court's view, plaintiff can not complain of lack of knowledge or seek equitable tolling when she did not bother to read the information which defendant provided to her regarding her rights under Title VII.

In the face of the aforementioned evidence, plaintiff's argument that various USPS employees failed to inform her or misled her regarding her rights under Title VII must necessarily fail. Plaintiff failed to comply with the jurisdictional pre-requisites for maintaining a Title VII action against a federal agency, and defendant's motion to dismiss for lack of subject matter jurisdiction is due to be granted.[1]

It is therefore ordered that defendant's Rule 12(b)(1) motion to dismiss is granted.

A separate judgment will be issued this date, pursuant to Fed. R. Civ. P. 58.

---

[1] There is some dispute among the parties as to whether this motion should be decided under the Rule 56 summary judgment or Rule 12(b)(1) standard. The Fifth Circuit has considered similar motions to dismiss under the 12(b)(1) standard, *see Patton v. Gonzales*, 197 Fed. Appx. 309, 312 (5th Cir. 2006), and this court will do likewise. Under Rule 12(b)(1), the court may consider any of the following: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Robinson v. TCI/US West Communications Inc.*, 117 F.3d 900, 904 (5th Cir. 1997). If this court were to consider these issues under the summary judgment standard, then dismissal would still be in order. Accordingly, the issue of whether the 12(b)(1) or Rule 56 standard applies does not appear to be of any great significance.

SO ORDERED, this 17th day of September, 2008.


                              **/s/ MICHAEL P. MILLS**
                              **CHIEF JUDGE**
                              **UNITED STATES DISTRICT COURT**
                              **NORTHERN DISTRICT OF MISSISSIPPI**